UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| QIBOWEN FAN, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:17-cv-01473-TWP-MPB |
| SHAN ZHOU, | ) |
| Defendant. | ) |

**Entry Dismissing Complaint, Granting *In Forma Pauperis* Status,
and Directing Further Proceedings**

Plaintiff, a citizen of China, is a resident of Indianapolis while she attends law school at Indiana University. She is in a contract dispute with defendant concerning a $100 disagreement in the amount of rent she agreed to pay to live in defendant's apartment. Plaintiff filed this action, *pro se*, claiming jurisdiction under 28 U.S.C. § 1331 (federal question jurisdiction), seeking a return of her security deposit, rental fees, and a sum for breach of contract, totaling $1,000. She also seeks injunctive relief and an apology. Plaintiff also asks to proceed *in forma pauperis*.

I. *In Forma Pauperis*

Plaintiff's motion for leave to proceed *in forma pauperis*, [dkt. 2], is **granted**.

II. Jurisdiction

Federal courts are courts of limited jurisdiction. If there is an actual case or controversy, U.S. Const. Art. III, it must concern a federal question, 28 U.S.C. § 1331, or meet diversity of citizenship and amount in controversy requirements. 28 U.S.C. § 1332. Unless an action has both

(a) a case or controversy and (b) either (1) a federal question or (2) diversity of citizenship with a certain minimum amount in controversy, this Court has no jurisdiction and must dismiss the action. "[F]ederal courts are 'obliged to inquire *sua sponte* whenever a doubt arises as to the existence of federal jurisdiction.'" *Barichello v. McDonald*, 98 F.3d 948, 955 (7th Cir. 1996) (quoting *Mt. Healthy City Board of Ed. v. Doyle*, 429 U.S. 274, 278 (1977)). "[A] court must dismiss the case without ever reaching the merits if it concludes that it has no jurisdiction." *Capitol Leasing Co. v. F.D.I.C.*, 999 F.2d 188, 191 (7th Cir. 1993) (citation omitted).

Plaintiff's pro se complaint asserts federal question jurisdiction pursuant to 28 U.S.C. § 1331. However, landlord-tenant contract disputes are not federal questions. Plaintiff does not invoke a substantive federal statute or legal concept, nor can the Court discern one, even construing the pro se complaint liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (per curiam) ("allegations of the pro se complaint [are held] to less stringent standards than formal pleadings drafted by lawyers"); *Wilson v. Civil Town of Clayton, Ind.*, 839 F.2d 375, 378 (7th Cir. 1988) ("pro se complaints are to be liberally construed"). There is no federal question presented in the complaint and, therefore, no jurisdiction under 28 U.S.C. § 1331.

Likewise, there is no diversity jurisdiction. Under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000. Clearly this action does not meet the amount in controversy requirement, and the Court does not have jurisdiction under section 1332.

### III. Dismissal

Concluding that this Court has no jurisdiction over this case, dismissal is required. *Capitol Leasing Co.*, 999 F.2d at 191. The case is **dismissed**. Because plaintiff is pro se, the Court will allow her **through May 30, 2017**, to show cause why this action should not be dismissed or to amend her complaint in a manner that demonstrates federal subject matter jurisdiction.

Should plaintiff fail to show cause or file an amended complaint by this deadline, this action will be dismissed for lack of subject matter jurisdiction without further notice.

**IT IS SO ORDERED**.

Date: 5/9/2017

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Qibowen Fan
742D Blake St.
Indianapolis, IN 46202